PER CURIAM.
Appellant Bryant appeals from the Florida Parole and Probation Commission order establishing his presumptive parole release *1134 date (PPRD). He challenges Commission action aggravating him sixty months for displaying additional danger to other customers in the bank in commission of an armed robbery of First Federal Savings and Loan Association of Jacksonville on December 27, 1979, and sixty months for having been identified as a participant in the robbery of Jacksonville Savings and Loan.
Appellant was charged with armed robbery of First Federal on December 27, 1979, in Case No. 80-29. On March 24, 1980, he pled guilty. Upon entry of his plea, the State nolle prossed the case in which he was charged with robbing Jacksonville Savings and Loan. In this latter robbery, the appellant was picked out of a lineup and positively identified by the victim and witnesses as being the person who robbed the bank at gunpoint. The appellant complains that in light of the nolle pros, this identification should not have been used as an aggravating factor. We disagree in light of Commission rule 23-21.-10 which allows information supporting a count of an indictment which is dismissed as the result of a plea agreement to be relied upon as an aggravating or mitigating circumstance, provided it is competent and persuasive. The appellant has not shown that the information relied upon by the Commission does not meet this standard. The sixty-month aggravation based upon the information is accordingly affirmed.
In challenging the sixty-month aggravation for displaying additional danger to other customers in the bank, the appellant points out that at the time of the offense only two tellers were present. This is corroborated by the presentence investigation, which reflects that appellant entered the bank, pulled a pistol on the two tellers, Barbara Driscoll and Denise Helms, and made them hand over money by threatening to “blow their heads off.” Appellant’s point is well taken. The Commission has specifically set forth the basis of its decision to aggravate the prisoner’s parole release date beyond the matrix time frame, yet there is absolutely no evidence or mention in the record of bank customers being present and placed in danger. The evidence upon which the aggravation is based does not meet the competent and persuasive criteria set forth in Commission rule 23-21.10. We accordingly reverse the sixty-month aggravation imposed upon the appellant for displaying additional danger to other customers in the bank.
The appellant’s remaining points are without merit. The Commission order is therefore affirmed with the exception of this Court’s reversal of the sixty-month aggravation for displaying additional danger to other customers in the bank.
AFFIRMED in part and REVERSED in part.
SHAW, JOANOS and WIGGINTON, JJ., concur.